# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2021

Lyle W. Cayce
Clerk

No. 21-50008
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Jose Limon-Tejeda,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-69-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Juan Jose Limon-Tejeda, federal prisoner # 03090-480, appeals the district court's denial of his motion for a compassionate release reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) and the denial of his motion for reconsideration. On appeal, he contends that the district court failed to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

adequately explain its decision denying his motion for a sentence reduction and that the district court abused its discretion in relying on the policy statements set forth in U.S.S.G. § 1B1.13, p.s.

We review a district court's decision denying a prisoner's motions for compassionate release and reconsideration for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Jarman,* 847 F.3d 259, 264 (5th Cir. 2017). A district court may modify a defendant's sentence after it considers the applicable 18 U.S.C. § 3553(a) factors if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). The district court must provide specific reasons for its decision to deny a motion for a sentence reduction, *Chambliss*, 948 F.3d at 693, but the amount of explanation needed depends "upon the circumstances of the particular case," *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors." *Id.*

The record reflects that the district court gave due consideration to Limon-Tejeda's request for compassionate release. Its explanation was brief, but it referenced Limon-Tejeda's motion for a sentence reduction and the Government's response, and it explicitly stated that it took into account the relevant § 3553(a) factors before it found that a sentence reduction was not warranted. *See Chavez-Meza*, 138 S. Ct. at 1965. Moreover, because both Limon-Tejeda and the Government presented arguments regarding the sentencing factors, the record reflects that the district court considered the § 3553(a) factors. *See id.* at 1968. We afford deference to the district court's consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693. Limon-Tejeda's mere disagreement with the court's balancing of those factors is not a sufficient basis to determine that the district our abused its discretion. *See*

No. 21-50008

*id.* at 694. Limon-Tejeda also has shown no error in connection with the district court's denial of his motion for reconsideration.

Limon-Tejeda is correct that the policy statements and commentary set forth in § 1B1.13, p.s., are not binding. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). However, the district court did not abuse its discretion by referencing the policy statements because it also based its decision on the § 3553(a) factors. *See Chambliss*, 948 F.3d at 693.

AFFIRMED.